IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ROGELIO GUEVARA                                               PETITIONER

v.                    NO. 2:21-cv-00173 BSM-PSH

JOHN P. YATES                                                 RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Rogelio Guevara ("Guevara") challenges the computation of his federal sentence by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. It is his contention that the Federal Bureau of Prisons ("BOP") has failed to award him credit on his sentence for periods of time prior to his sentencing. It is recommended that his petition be dismissed.

On August 28, 2012, Guevara was arrested by Iowa authorities "after they found him sleeping inside a running vehicle with methamphetamine in plain view." See Docket Entry 1 at CM/ECF 22.[1] He posted bond later that day and was released. See Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 1.

At the time of Guevara's arrest, he was "serving probation on multiple state charges and was subject to an undischarged term of state imprisonment." See Docket Entry 1 at CM/ECF 22. On September 5, 2012, Guevara was arrested by Iowa authorities. See Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 1. On December 31, 2012, he was

---

[1] The arrest would later give rise to a federal charge in case number 4:12-cr-00169-SMR.  It is the sentence in that matter which Guevara is now serving and the computation of that sentence he is challenging in the case at bar. See Docket Entry 1 at CM/ECF 10.

sentenced in state court for the probation violations. See Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 2. He was given credit on the sentence for the time he spent in custody from September 5, 2012, to December 31, 2012. See Docket Entry Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 2.

On November 15, 2012, Guevara was charged in case number 4:12-cr-00169-SMR in the United States District Court, Southern District of Iowa. See Docket Entry 1 at CM/ECF 22. The charge sprang from the events that resulted in his August 28, 2012, arrest by Iowa authorities. See Docket Entry Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 1.

On either January 29, 2013, or February 4, 2013, Guevara was released to federal authorities to answer the charge in 4:12-cr-00169-SMR.[2] He was released to federal authorities pursuant to a writ of habeas corpus ad prosequendum. See Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 2.

---

[2] In an Order denying Guevara's motion for prior custody credit, United States District Judge Stephanie M. Rose of the United States District Court, Southern District of Iowa, found that Guevara was released to federal authorities on January 29, 2013. See Docket Entry 1 at CM/ECF 22. In a Declaration attached to respondent John P. Yates' response, Jon McEvoy, a BOP Management Analyst, represents that Guevara was released to federal authorities on February 4, 2013. See Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 2. The discrepancy need not be resolved because the outcome of this case does not hinge on the date Guevara was released to federal authorities.

Guevara pleaded guilty in 4:12-cr-00169-SMR and was sentenced on November 12, 2013, to 144 months imprisonment. See Docket Entry 1 at CM/ECF 22. "The federal sentence was to be served concurrently with the terms of imprisonment imposed on the undischarged state sentence." See Docket Entry 1 at CM/ECF 22 (internal quotation omitted). On November 27, 2013, he was released to state authorities. See Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 2.

On July 28, 2015, Guevara completed his state sentence and was released to federal authorities to continue serving his sentence in 4:12-cr-00169-SMR. See Docket Entry 8-1, Exhibit 1 (Declaration of Jon McEvoy) at CM/ECF 2. The BOP computed his projected release date and did so, in part, pursuant to the following: the "date computation began" is the date he was sentenced, i.e., November 12, 2013, but he is being given credit for only one day of prior jail time, i.e., August 28, 2012, the one day he spent in custody following his arrest in 4:12-cr-00169-SMR. See Docket Entry 1 at CM/ECF 11.

Guevara thereafter filed a motion in 4:12-cr-00169-SMR for prior custody credits. United States District Judge Stephanie M. Rose of the United States District Court, Southern District of Iowa, summarized as follows the parties' positions on the issue raised in the motion:

> Guevara argues he should be given credit for time served beginning on the day he was arrested in August 2012, or at least from November 2012, the date the sealed indictment was returned. ... The Government states any prior custody credit towards Guevara's federal sentence could have begun on January 29, 2013, the date Guevara was transferred to federal custody. ... However, the Government argues only the Bureau of Prisons has the discretion to decide whether to apply credits for time served. ...

See Docket Entry 1 at CM/ECF 23. Judge Rose denied Guevara's motion without prejudice to his right to file a motion pursuant to 28 U.S.C. 2241 in the appropriate judicial district. In doing so, she noted the following parenthetically:

> ... the Court makes no suggestion as to whether the Bureau of Prisons should give Guevara credit for time served in state custody prior to his sentence. However, at the time of Guevara's November 12, 2013 sentencing hearing, the Court did expect the Bureau of Prisons would recognize Guevara's creditable federal custody as beginning on January 29, 2013, and believed the Bureau of Prisons would give him appropriate credit for that nearly nine-month time period.

See Docket Entry 1 at CM/ECF 24.

Guevara then began the case at bar. In his petition, he maintained that the BOP is incorrectly computing his sentence in 4:12-cr-00169-SMR. He asked that the BOP be ordered to award him credit on his sentence for the period beginning on August 28, 2012, i.e., the date of his arrest in 4:12-

5

cr-00169-SMR, to the date of his sentencing, or, at a minimum, for the period beginning on January 29, 2013/February 4, 2013, i.e, the date he was released to federal authorities pursuant to a writ of habeas corpus ad prosequendum, to the date of his sentencing.

Respondent John P. Yates ("Yates") filed a response to the petition. In the response, Yates maintained that the petition should be dismissed because Guevara failed to exhaust his administrative remedies and, alternatively, his petition fails on the merits.[3]

Yates' first assertion is problematic for any number of reasons. Rather than wrestle with the assertion, the undersigned will simply bypass it and address the merits of Guevara's claim.

The BOP is charged with the responsibility of computing a federal prisoner's "projected release date[]." See Goldsberry v. Yates, 2:21-cv-00010-BSM-JTR, 2022 WL 1600591, 6 (E.D.Ark. 2022), report and recommendation adopted, 2:21-cv-00010-BSM, 2022 WL 1600522 (E.D.Ark. 2022) (citing United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006); United States v. Wilson, 503 U.S. 329, 334-35 (1992)). The BOP makes the computation in accordance with 18 U.S.C. 3585(a) and (b), which provide, in full, the following:

---

[3] Guevara subsequently filed a reply in which he addressed Yates' assertions.

      (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.

      (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

          (1) as a result of the offense for which the sentence was imposed; or

          (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Guevara's claim involves two periods of time: (1) the period from August 28, 2012, to January 29, 2013/February 4, 2013; and (2) the period from January 29, 2013/February 4, 2013, to November 12, 2013.[4] Having reviewed the record, and for the reasons that follow, the undersigned is persuaded that the BOP is calculating his sentence in a reasonable and appropriate manner and in accordance with federal law.

---

[4] Guevara does not challenge the date the BOP is using to begin computing his sentence in 4:12-cr-00169-SMR. The BOP is using the date he was sentenced, i.e., November 12, 2013. Although Guevara was not "received in custody awaiting transportation to, or arrive[d] voluntarily to commence service at, the official detention facility at which the sentence is to be served" until July 28, 2015, the sentence in 4:12-cr-00169-SMR was ordered to be served concurrent with his state sentence.

I. <u>The period from August 28, 2012, to January 29, 2013/February 4, 2013</u>. The BOP can properly accord Guevara only one day of credit for the period from August 28, 2012, to January 29, 2013/February 4, 2013. The undersigned so finds for three reasons.

First, Guevara was only in custody one day following his August 28, 2012. He posted bond and was released the same day he was arrested.

Second, although Guevara was arrested and detained on September 5, 2012, his arrest was not in connection with 4:12-cr-00169-SMR. Instead, he was arrested, and sentenced in state court, for probation violations.

Third, Guevara was credited on his state sentence for the time he spent in custody from September 5, 2012, to December 31, 2012. Because the period was credited against his state sentence, 18 U.S.C. 3585(b) precludes the period from also being credited against his federal sentence.

II. <u>The period from January 29, 2013/February 4, 2013, to November 12, 2013</u>. Judge Rose expected the BOP to give Guevara credit on his sentence in 4:12-cr-00169-SMR for the period from January 29, 2013/February 4, 2013, to November 12, 2013. Were the undersigned able to give effect to her expectation, the undersigned certainly would. The undersigned, though, cannot, and the BOP can properly accord Guevara no credit for the period.

"The first sovereign to take physical custody of a defendant retains primary jurisdiction until releasing that jurisdiction." See Elwell v. Fisher, 716 F.3d 477, 481 (8th Cir. 2013) (internal quotation omitted). "The fact that another sovereign might obtain physical custody of the defendant through a writ of habeas corpus ad prosequendum does not deprive the original sovereign of primary jurisdiction." See Hogate v. Starr, 20-cv-1295-PAM-TNL, 2021 WL 3476714, 7 (D.Minn. 2021), report and recommendation adopted, 20-cv-1295-PAM, 2021 WL 3472651 (D.Minn. 2021).

Here, Guevara was not in primary federal custody during the period from January 29, 2013/February 4, 2013, to November 12, 2013, but instead was merely "borrowed" from state authorities pursuant to a writ of habeas corpus ad prosequendum.[5] As a "borrowed" prisoner, he remained in primary state custody, serving time toward his state sentence. Because he received credit on his state sentence for the period from January 29, 2013/February 4, 2013, to November 12, 2013, the BOP cannot credit that period toward his federal sentence under "'the express bar on double credit found in 18 U.S.C. 3585(b).'" See Goldsberry v. Yates, 2022 WL 1600591, 7 (quoting Elwell v. Fisher, 716 F.3d at 484).

---

[5] A writ of habeas corpus ad prosequendum does not change a defendant's custody status; instead, it merely changes the location of his custody for the sentence he is already serving. See Munz v. Michael, 28 F.3d 795 (8th Cir. 1994).

9

For these reasons, Guevara is not entitled to the relief he seeks. His petition should therefore be dismissed, all requested relief should be denied, and judgment should be entered for Yates.

DATED this 25th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE